UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBRA LAPOSA, an individual,

    Plaintiff,

v.                                    Case No: 2:20-cv-182-FtM-29NPM

WALMART STORES EAST LP, a foreign corporation and JOHN DOE, Manager of Store #1874,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Remand and Motion for Leave to Amend Plaintiff's Complaint and Memorandum of Law (Doc. #7) filed on April 7, 2020. Defendant Wal-Mart Stores East, L.P filed a Response in Opposition (Doc. #10) on April 21, 2020. For the reasons that follow, the motions are granted.

**I.**

On January 31, 2020, plaintiff filed the current Complaint in the Twentieth Judicial Circuit in and for Charlotte County, Florida. (Doc. #1-2, p. 23.) The two-count Complaint alleges a negligence claim against Wal-Mart, as well as a second negligence claim against defendant John Doe, the then-unidentified manager of the store where plaintiff's injury occurred. (Id. pp. 23-27.)

Wal-Mart filed its Answer, Affirmative Defenses, and Demand for Jury Trial (id. p. 43) on March 9, 2020.

On March 19, 2020, Wal-Mart filed a Notice of Removal (Doc. #1) which removed the case to federal court on the basis of diversity jurisdiction. In the Notice Wal-Mart asserted it was a citizen of Delaware and Arkansas, and plaintiff was a citizen of Florida. (Id. ¶¶ 17, 22.) Wal-Mart asserted that defendant John Doe had been fraudulently joined "for the sole purpose of defeating diversity jurisdiction," and therefore John Doe's Florida citizenship should be ignored. (Id. ¶¶ 5, 18-21.)

On April 7, 2020, plaintiff filed her Motion for Remand and Motion for Leave to Amend Plaintiff's Complaint. (Doc. #7.) Plaintiff seeks leave to amend the Complaint to replace John Doe with the now-identified store manager, Ryan Barber. (Id. p. 2.) As a separate docket entry, plaintiff has provided her proposed amended complaint. (Doc. #8-5, pp. 21-26.) Plaintiff also seeks to remand the case to state court because it was improperly removed to federal court as Mr. Barber is a citizen of Florida, thus destroying complete diversity of citizenship. (Doc. #7, pp. 3-5, p. 8.)

**II.**

**A. Removal Was Not Improper**

In the Notice of Removal, Wal-Mart asserted that there is complete diversity of citizenship because (1) it is a citizen of

Delaware and Arkansas, (2) plaintiff is a citizen of Florida, and (3) the citizenship of John Doe should be disregarded because he was fraudulently joined as a defendant. (Doc. #1, ¶¶ 17-26.) In her motion to remand, plaintiff contends removal was improper because John Doe was not fraudulently joined and therefore complete diversity of citizenship did not exist.* (Doc. #7, pp. 2, 7.) Plaintiff also argues that the removal from state court was improper because Wal-Mart did not receive the consent of all defendants, i.e., John Doe's consent. (Id. pp. 7-8.) Both of plaintiff's arguments are incorrect.

The citizenship of John Doe is disregarded for removal purposes, which obviates the need to consider fraudulent joinder at the removal stage of the proceedings. Title 28 U.S.C. § 1441(b) provides:

> **(b) Removal based on diversity of citizenship.--(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictious names shall be disregarded.

28 U.S.C. § 1441(b)(1). "Even if 'the fictitious defendants were likely' not diverse, their citizenship must 'be disregarded for purposes of diversity jurisdiction.'" Smith v. Comcast Corp., 786 Fed. App'x 935, 939 (11th Cir. 2019) (quoting Walker v. CSX Transp.

---

* Plaintiff concedes the amount in controversy exceeds $75,000. (Doc. #7, pp. 5-6.)

3

Inc., 650 F.3d 1392, 1395 n.11 (11th Cir. 2011)).  "And for a removed case, 'diversity jurisdiction is determined ... at the time of removal.'" Id. (quoting Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017)).  Accordingly, the citizenship of John Doe is disregarded for purposes of determining removal based on diversity jurisdiction.

Plaintiff also argues that the Notice of Removal is deficient because Wal-Mart has failed to establish the consent of all the defendants to removal.  (Doc. #7, pp. 7-8.)  Title 28 U.S.C. § 1446 provides the following:

> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446(b)(2)(A).  This case was removed solely under § 1441(a), and John Doe is a fictitious-name defendant who had not been served.  Therefore, Wal-Mart was not required to obtain John Doe's consent.  See Green v. America Online (AOL), 318 F.3d 465, 470 (3d Cir. 2003) ("Green argues that the removal was defective because the John Doe defendants did not join the notice of removal. However, the general rule that all defendants must join in a notice of removal may be disregarded where, as here, the non-joining defendants are unknown.")

4

### B. Complaint May Be Amended

Plaintiff seeks to amend the Complaint to change the John Doe defendant to the name of the actual person who was store manager. While normally such a request would be easily granted, Wal-Mart objects, asserting that whether named or unnamed, the store manager is fraudulently joined because plaintiff fails to state a cause of action for negligence against that defendant. (Doc. #10, pp. 3-5.)

The decision concerning whether to allow a complaint which has been removed from state court to be amended to add a defendant is governed by 28 U.S.C. § 1447(e). Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Accordingly, a district court has only two options: (1) deny the requested joinder, or (2) allow the joinder and remand the case to state court. Ingram, 146 F.3d at 862.

A post-removal request to join a non-diverse party defendant "is left to the discretion of the district court." Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). In deciding whether amendment of a complaint should be allowed under § 1447(e), the Court considers several factors, including:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities.

Hacienda Village Homeowners Ass'n, Inc. v. Marsh, Inc., 2011 WL 2893113, *2 (M.D. Fla. July 20, 2011) (citation omitted). Additionally, the Court should also consider whether the joinder of the non-diverse party is fraudulent. Id. (citation omitted).

As relevant to this case, a defendant seeking to establish fraudulent joinder must demonstrate by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (citation omitted). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003). The procedure for resolving a claim of fraudulent joinder is similar to the procedure used in determining a motion for summary judgment under Federal Rule of Civil Procedure 56(b). The district court must resolve all questions of fact in favor of the plaintiff. Legg v. Wyeth, 428 F.3d 1317, 1322-23 (11th Cir. 2005) (citations omitted).

To state claim for negligence under Florida law, a plaintiff must allege that defendant owed plaintiff a duty of care, that defendant breached that duty, and that the breach caused plaintiff to suffer damages. Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001). Furthermore, "[t]he law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2005) (citations omitted). However, "to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." Id. (citation omitted).

Wal-Mart argues that because all of plaintiff's allegations against Barber arise from his duty as a store manager, such allegations are insufficient to establish personal liability under Florida law, and, therefore, plaintiff lacks any basis for her negligence claim against Barber. (Doc. #10, p. 5.) The Court disagrees.

In the proposed amended complaint, plaintiff alleges Barber, as the Wal-Mart store manager, owed a duty of reasonable care to plaintiff as a customer. (Doc. #8-5, ¶ 13.) Such duty required Barber "to provide a reasonably safe environment, to inspect and

7

maintain this environment, and to request and authorize appropriate precautionary and cleanup measures to this environment, such that his customers would be protected from reasonably foreseeable injuries." (Id.) Plaintiff alleges Barber breached these duties by:

a) Failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to customers by failing to maintain the floor space in and around the Health and Beauty Department;

b) Failing to adequately warn the Plaintiff of the potential hazardous or dangerous condition that existed on the floor in the Health and Beauty Department that he knew or should have known of or that existed for a sufficient length of time so that Defendant should have known if [sic] it;

c) Failing to adequately remedy the dangerous condition or otherwise fix it;

d) Failing to properly train and supervise employees on the duty to inspect or adequately inspect the floors;

e) Failing to properly train and supervise employees on the duty to warn or adequately warn customers of unsafe conditions that they knew or should have known of.

(Id.) Plaintiff states that as a direct result of Barber's breach, she slipped on a slippery substance, resulting in injuries. (Id. ¶¶ 14-16.)

Viewing these allegations in the light most favorable to plaintiff, the Court cannot say that clear and convincing evidence shows there is no possibility plaintiff can establish a cause of action against Barber for negligence. See Nelson v. Boston Mkt.

8

Corp., 2017 WL 393870, *2 (M.D. Fla. Jan. 30, 2017) (analyzing similar allegations and concluding "it appears that Plaintiff has an arguable negligence claim against [the store manager]"); Hunt v. Target Corp., 2014 WL 1515262, *2 (S.D. Fla. Apr. 18, 2014) ("After reviewing the allegations of the Complaint, and taking those allegations to be true, the Court finds the Complaint adequately alleges that Russell individually engaged in tortious conduct. While it is true that the Complaint alleges Russell acted as manager, the Complaint also alleges he had a duty to Plaintiff and engaged in negligent acts that caused Plaintiff's injuries." (citation omitted)); White, 918 So. 2d at 358 ("[C]ontrary to Gregg's argument, the third amended complaint alleges more than mere technical or vicarious fault—it alleges that Gregg was directly responsible for carrying out certain responsibilities; that he negligently failed to do so; and that, as a result, Ms. White was injured. Such allegations are legally sufficient to withstand a motion to dismiss for failure to state a cause of action.") The Court finds Wal-Mart has failed to meet its burden of demonstrating fraudulent joinder.

In the absence of fraudulent joinder, there is little reason not to allow the requested amendment to substitute a named person for the John Doe defendant. After all, "Federal Rule of Civil Procedure 10(a) requires every complaint to name all parties," Doe v. Sheely, 781 Fed. App'x 972, 973 (11th Cir. 2019), and "[a]s a

9

general matter, fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). Since plaintiff asserted a claim against the then-unknown store manager prior to removal, the purpose of the proposed amendment is not to defeat jurisdiction but, rather, to identify the actual name of a proper defendant already described in the original complaint. Nelson, 2017 WL 393870, *2 ("The Court finds that because Plaintiff asserted a negligence claim against John Doe, the store manager, in the original complaint, it was clear at all times that Plaintiff intended to pursue a claim against a non-diverse defendant. Plaintiff did not merely attempt to assert a new claim against a non-diverse defendant after this case was removed. For this reason, the Court concludes that the purpose of the amendment is not to defeat federal jurisdiction.").

Plaintiff was not dilatory in seeking the amendment. The Complaint was filed in state court on January 31, 2020 (Doc. #1-1), Wal-Mart removed the matter to this Court on March 19, 2020 (Doc. #1), and plaintiff's motion to amend was filed on April 7, 2020 (Doc. #7). See Nelson, 2017 WL 393870, *2 ("Plaintiff filed suit in state court on October 28, 2016 and moved to amend the complaint on January 6, 2017, one month after Defendant removed this case. Plaintiff's conduct cannot be described as dilatory."); Hacienda, 2011 WL 2893113, *3 ("Plaintiff's contention that they recently learned that Murdoch was employed with AIU when its

10

insurance claim was submitted is a reasonable one. The Court evaluates factual allegations in plaintiff's favor, and finds that plaintiff was not dilatory in asking for an amendment.").

Plaintiff will be significantly harmed if amendment is not permitted. "In determining whether to permit joinder and remand to state court, the harm resulting from forcing Plaintiffs to pursue parallel litigation in federal and state court is considered." Kelly v. Stillwater Pres. Dev., LLC, 2018 WL 7460057, *2 (M.D. Fla. Nov. 14, 2018) (citations omitted). Here, if plaintiff is not allowed to replace John Doe with Barber, she will be forced to pursue litigation against Wal-Mart in federal court and litigation against Barber in state court. The Court agrees this would constitute a significant injury, as well as a waste of judicial resources given the similarity of the claims. See Nelson, 2017 WL 393870, *2 ("The Court finds that Plaintiff will be injured if required to pursue her claims against Boston Market in this Court while simultaneously pursuing her claim against [the store manager] in state court."); Hacienda, 2011 WL 2893113, *4 ("The Court finds that plaintiff's claim against AIU is intertwined with its claims against the other defendants and that questions of law and fact common to all defendants would arise such that parallel proceedings in state court would be a waste of judicial resources.").

11

Neither party suggests any other compelling factors bearing on the equities. The Court declines to construe Wal-Mart's removal of this case as a dilatory action to deprive plaintiff of discovery, as plaintiff argues. (Doc. #7, p. 5). As discussed previously, Wal-Mart's removal was not improper.

After consideration of the above factors, the Court finds plaintiff should be allowed to amend her complaint to replace John Doe with Ryan Barber as defendant. See Nelson, 2017 393870, *3 (granting the plaintiff's motion to amend to replace John Doe defendant with identified store manager). Accordingly, plaintiff's motion seeking leave to amend will be granted.

**C. Remand is Required**

The presence of a single plaintiff who is a citizen of the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). A removed case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). A removal case based on diversity jurisdiction must be remanded to state court if the parties are not completely diverse. Henderson, 454 F.3d at 1281.

It is undisputed that Barber is a citizen of Florida. Therefore, the Court's determination that plaintiff should be

allowed to replace John Doe with Barber necessarily means the case now lacks complete diversity of citizenship and must be remanded to state court.  <u>Ingram</u>, 146 F.3d at 862.  Therefore, plaintiff's motion to remand is granted.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Leave to Amend Plaintiff's Complaint (Doc. #7) is **GRANTED.**  The Clerk of Court shall docket plaintiff's Amended Complaint (Doc. #8-5) as the operative pleading.

2. Plaintiff's Motion for Remand (Doc. #7) is **GRANTED.**

3. After docketing the Amended Complaint, the Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Charlotte County, Florida, and to transmit a certified copy of this Opinion and Order and the Amended Complaint to the Clerk of the Court.

4. The Clerk is further **directed** to close this case and terminate all previously scheduled deadlines and other pending motions as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this   8th   day of May, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

14